Chief-Justice Robertson,
delivered the opinion ofthecourt.
Emerine Richardson, by her next friend, filed her bill in chancery for distribution, against the administrators and administratrix, of her deceased lather’s estate; apd also, against their sureties, and Samuel Phillips, who had intermarried with the admin-istratrix, and against Thomas Richardson, and Lucy, Richardsop, who, are co-distributees.
Pending the suit the administratrix died. Thomas and Lucy Richardson prayed in their answer, for distribution; and the circuit court pronounced a. decree for distribution among the th'ee distributees, against the administrators and their sureties, and against Samuel Phillips jointly.
To reverse this decree, the defendants in the circuit court prosecute this writ of error.
We can perceive no solid objection to the amount decreed. It is not ‡40 more than the amount admitted to be due by the administrators. Phillips and wife, in their answer, claim compensation for her services, as *213 administratrix. The administrators make no claim to any such reward. The entire sum decreed to the dis* tributees, is compounded of the amount admitted in the answers, (and ascertained by two settleménts in county court,) and of two thirds of $58, charged in the bill, to have been collectedby the administratrix, after the settlements. No interest has been charged on either sum. The administratrix did not admit that she ever received the $58; but averred in her answer, that if she did receive that or any other sum, not charged in the settlements with the county court, she did not recollect it. Only one witness swore, that she did collect the $58; and he stated that he had, at her request, collected it for her, and paid it over to her in the fall of the year 1818, which was prior to the first settlement (in 1821) with the county court. This sum is not charged in either of the settlements.
One credible-witness who tjvefy^sufli-oientto estab-Ksh afoot ^¿¿enies11' equivocally,
Although there is only one witness, we are inclined to think that his testimony ought to be considered sufficient to charge the representatives and their sureties, with two thirds of the $58, the widow having been entitled to one third. The witness is credible; he swears positively. The denial in the answer is not positive and unequivocal; it is only that, if the money had been received by the administratrix, she had forgotten the fact. Under such circumstances, one credible witness, who swears positively, may, and we think should in this case, be sufficient.
The duties of the fiduciaries, seem to have been simple, light, and unusually circumscribed. They have had the use of distributiable fund several years, without being charged with interest on it; and that use has, doubtless, been beneficial to them; as it appears, that they could not have been restrained from using it as their own, by any apprehension, that there might be a sudden call on them lor any portion of it, by creditors, or by the distributees; all the debts due by, the intes- . tate did not amount, at his death, to $>*100; and the dis-tributees were infants, having no other guardian than their mother, who was the administratrix. Under these circumstances, the administrators ought not to complain that no allowance was made to them for their official services, especially as they forbore to ask any compensation, and as the usual allowance would not amount to $20 to each of them.
If^persorfH administer on estate>the together wiir bo entitled to no inore for than whatCSS> ■would be an compensation to one, if only onehad ad-jnnustered.
Husband of an adminis-tratrix, is responsible during coverture for all her debts and legal liabilities (turn sola, •whether in-purred in her individual or fiducial character.
The administratrix claimed an allowance of five Per cenh f°r her services. But it appears from her answer, that her only agency in the management of the was in baying, at the sale, more .than the amount of her third part of the personal property; in retaining and using as her own, the money which the intestate had in possession at his death; and in loaning, for several years, §'100 of it.
Her accounts as natural guardian, were settled by the county court, and there is nothing in this record, which would authorize any modification of that settlement. No injustice was done her, by withholding from her, the five per cent, claimed by her. • The whole fund distributed by the decree was only $730 20.
Five per cent would he a liberal compensation for the whole service of administration; if the administra-trix had co-operated in that service, with the administrators, she would be entitled to only one third of the sum Properly chargable, for administering the estate, If twenty persons perform the duties of an administration, they will be entitled jointly, to no more for their services> than what would be an adequate compensation to one, if only one had administered.
But, for the reasons which have been suggested, the administratrix was entitled tono compensation for any fiducial service,
She complained in her answer, that there was a mistake to the amount of $100, in the inventory, to her prejudice. But of this, there is no proof whatever.
Wherefore, it results, that the decree is not for more than is justly due to the distributees.
But the circuit court erred, in rendering a decree against Phillips. He was not an administrator de jure, or de fado; nor was he surety for the administration or any portion of it. By his intermarriage with the admin-istratrix, he . became responsible, during coverture for the debts and legal liabilities incurred by his wife, fdumsola.” Buther deathreleasedhimindividually,from all such liabilities, whichhadnot been enforced during her life. If any of the estate of the intestate, had come to the, hands of the administratrix, after her union with Phil- j lips, he would be responsible for it, because, quo ad hoc,-he would have been the administrator. But it appears *215 that the administration had been closed several years before Phillips married the administratrix. It does not appear, that any of the personal estate of the intestate, ever came into his hands, or into those of his wife, after their marriage. If she had been guilty of a devas-tavit before the marriage, he would not be chargeable for it, as husband, after her death. He could be made responsible only as the administrator of his wife. It is not shown, that he is her administrator, nor if he were has he been proceeded against, in that character.
Death of-wife releases hus-as well as individual lia-but not from’ those íncur-“s 00* i ’
Husband is not entitled ys vrifeduni sold, which are uncollec-¿eeaüí.her
Husband is responsible afc of his ^wififfor her fiducial marriagev °
He and his wife admitted, in their answer, that they would be liable to the distributees, for a small sum; but this admission imposes on him no obligation since the death of his wife. When the answer was filed, he was chargeable with whatever was justly due from his wife, as administratrix. It was reasonable and right to admit this in his answer. lie was then liable; he admitted it; but the death of his wife relieved him from that responsibility, in his personal character, because he was, when he answered, liable only as husband, and not as administrator, for any thing done or received by either himself or his wife, during their marital relation. “Proprio jure,” therefore, lie is not now responsible for the official conduct of his deceased wife; see Clancy on Rights of Baron and Feme, 16 to 18. Adair vs. Shaw, I Scho. and Lef. 270, and Graves et al. vs. Downey et al. III Monroe, 353.
The husband is responsible, during coverture only, for the debts of his wife incured before marriage. As long as the coverture subsists, he is liable, whether he received any estate by her or not. It is but just and reasonable, therefore, that, after the death of the wife, the simple fact, that he acquired property by the mar riage, should not subject him to her debts udum sola,” especially as he will not then be entitled to debts, which might have been due to her, and were uncollected at her death. He might be held responsible as her administrator, but in no other character.
But the husband may be held responsible after the death of his wife, for her fiducial conduct, during marriage. If, at the marriage, she had property of the estate of his testator or intestate in possession, or if any ; such property came to her hands during coverture, the 'husband is considered as taking it subject to the trust *216 attached to it in the bands of the wife as executrix or administratrix. And, therefore, in equity, he will be treated as the representative himself. But as in this case it does not appear, that Phillips ever appropriated or had any control over any of the assets, the death of his wife has liberated him from liability. He is not now liable as husband; he never was responsible as ad-1 ministratoi or quasi administrator.
Monroe,-for plaintiffs; Denny, for defendants.
The decree of the circuit court, must therefore, he reversed, and the cause remanded with instructions to entera decree conformable to this opinion.